Ellya ROFITA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03-73138.
Agency No. A79-194-176.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, M. Jocelyn Wright, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ellya Rofita, a native and citizen of Indonesia, petitions for review of the Board

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We lack jurisdiction to review the discretionary decision that Rofita's asylum application was untimely. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002) (citing 8 U.S.C. § 1158(a)(3)).

We have jurisdiction under 8 U.S.C. § 1252, to review the BIA's dismissal of Rofita's remaining claims. Substantial evidence supports the BIA's findings that Rofita failed to demonstrate that it is more likely than not that she would suffer persecution if returned to Indonesia, as required to qualify for withholding of removal. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). In addition, Rofita is not entitled to CAT relief because she failed to demonstrate that it is more likely than not that she would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), Rofita's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.